**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

OTTO MAYNARD,                    )
                                 )
                    Plaintiff,   )
                                 )
v.                               )          Case No. 22-cv-1045-DDC-TJJ
                                 )
HARRY WEIR.,                     )
                                 )
                    Defendant.   )

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion for Leave to File First Amended

Complaint (ECF No. 24). Plaintiff seeks leave to amend his complaint to include a claim for loss

of consortium.  Defendant opposes the motion. Upon consideration of the matter, the Court finds

the motion should be granted.

## Factual Background

According to the allegations in the Complaint,[1] Plaintiff sustained injuries when the

vehicle Defendant was driving failed to stop at a stop sign and collided with Plaintiff's vehicle.

Plaintiff's Complaint alleges multiple ways in which Defendant operated his vehicle negligently

and carelessly, and it asserts Plaintiff may have aggravated a pre-existing condition or

conditions, was otherwise injured, and has sustained pain and suffering, mental anguish, loss of

time, loss of enjoyment of life, medical expenses, economic loss, permanent disfigurement, and

permanent disability. The Complaint also alleges that in the future, Plaintiff will experience pain

and suffering, mental anguish, loss of time, loss of enjoyment of life, medical expenses,

---

[1] ECF No. 1.

1

economic loss, permanent disfigurement, and permanent disability. The pleading did not state a

claim for loss of consortium.

The Scheduling Order[2] set a deadline of June 3, 2022 for the parties to seek to amend

their pleadings or join additional parties. Plaintiff did not seek to amend his pleadings by the

deadline. But while preparing discovery responses, Plaintiff's counsel realized the Complaint did

not contain a loss of consortium claim. On June 21, 2022, Plaintiff sent an email advising

Defendant of the finding and asking if Defendant would agree to an unopposed motion and

proposed order granting Plaintiff leave to amend the Complaint for the sole purpose of adding a

loss of consortium claim. Defendant did not agree, and Plaintiff filed the instant motion.

## Legal Standard

Federal Rule of Civil Procedure 15(a) governs the amendment of pleadings before trial. It

provides that the parties may amend a pleading once "as a matter of course" before trial if they

do so within (A) 21 days after serving the pleading, or (B) "if the pleading is one to which a

responsive pleading is required," 21 days after service of the responsive pleading or a motion

under Fed. R. Civ. P. 12(b), (e), or (f), whichever is earlier.[3] Other amendments are allowed

"only with the opposing party's written consent or the court's leave."[4] Rule 15(a)(2) also

instructs that the court "should freely give leave when justice so requires."[5] The court's decision

to grant leave to amend a complaint, after the permissive period, is within the trial court's

---

[2] ECF No. 16.

[3] Fed. R. Civ. P. 15(a)(1).

[4] Fed. R. Civ. P. 15(a)(2).

[5] *Id*.; *accord Foman v. Davis*, 371 U.S. 178, 182 (1962).

discretion and will not be disturbed absent an abuse of that discretion.[6] The court may deny leave to amend upon a showing of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc."[7]

When the deadline for amending pleadings set in the scheduling order has passed, as is the case here, Federal Rule of Civil Procedure 16(b)(4) is implicated. Rule 16(b)(4) provides that a scheduling order "may be modified only for good cause and with the judge's consent."[8]

A court will apply a two-step analysis based on both Rule 16(b) and Rule 15(a) when faced with a request to amend a complaint past the scheduling order deadline.[9] In other words, the court will first determine whether the moving party has established "good cause" within the meaning of Rule 16(b)(4) to justify allowing the untimely motion. Only after determining good cause has been established will the court proceed to determine if movant has satisfied the more lenient Rule 15(a) standard.[10]

To establish good cause under Rule 16(b)(4), the moving party must show the deadline could not have been met even if it had acted with due diligence.[11] The lack of prejudice to the

---

[6] *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006).

[7] *Id.* (quoting *Foman*, 371 U.S. at 182).

[8] Fed. R. Civ. P. 16(b)(4).

[9] *See, e.g., Lone Star Steakhouse and Saloon, Inc. v. Liberty Mut. Ins. Group,* No. 12-1185-WEB, 2003 WL 21659663, at *2 (D. Kan. March 13, 2003).

[10] *See Boatright v. Larned State Hosp.*, No. 05-3183-JAR, 2007 WL 2693674, at *6 (D. Kan. Sept. 10, 2007) (recognizing the Rule 15(a) standard as more lenient than the "good cause" standard of Rule 16(b)).

[11] *Id.* at *5.

nonmovant does not show good cause.[12] A district court's determination of whether a party has established good cause sufficient to modify a scheduling order amendment deadline is within the court's discretion, and will be reviewed only for the abuse of discretion.[13]

## Analysis

Although Plaintiff does not mention Rule 16 by name, he argues his motion demonstrates good cause to seek to amend his complaint after the deadline. Timing is the only issue to be considered in connection with whether Plaintiff has shown good cause for filing this motion after the deadline passed, and Defendant does not argue Plaintiff's motion should be denied as untimely. Plaintiff's counsel recites his realization of the omission while working with his client on discovery responses, specifically the interrogatory related to total claimed damages.[14] This occurred no more than eighteen days after the deadline, and before any depositions were taken. Plaintiff's counsel immediately contacted Defendant's counsel.

The Court finds Plaintiff has adequately demonstrated good cause sufficient to satisfy Rule 16. The omission was an oversight that Plaintiff sought to correct as soon as it was discovered. The Court therefore turns to Rule 15.

With respect to Rule 15 analysis, Plaintiff contends the motion is not made for purposes of delay and Defendant will not suffer prejudice if it is granted. Even with the additional claim, Plaintiff's asserted damages are $448,449.64 lower than the amount previously listed in his Rule

---

[12] *Lone Star Steakhouse*, 2003 WL 21659663, at *2.

[13] *Ingle v. Dryer*, No. 07-cv-00438-LTB-CBS, 2008 WL 1744337, at *2 (D. Colo. April 11, 2008).

[14] Plaintiff indicates the total damages claimed in the interrogatory answer are less than the amount listed in Plaintiff's earlier Rule 26 initial disclosures.

26 initial disclosures. Plaintiff and Defendant are scheduled to be deposed on June 30, 2022. Those will be the first depositions in the case and no others have been scheduled.

Plaintiff's counsel also points out that he has agreed to two extensions defense counsel requested. The first was a two-week extension to file an answer, and the second was a one-week extension to serve discovery responses when defense counsel wrote she had "inadvertently missed our deadline for our discovery responses to you."[15]

In its response, Defendant acknowledges that Plaintiff's interrogatory responses lowered the amount of claimed damages, even after including damages for loss of consortium. The total damages Plaintiff seeks exceed Defendant's applicable insurance policy, and Defendant argues that allowing Plaintiff to belatedly bring a loss of consortium claim causes prejudice to Defendant "in that it provides a previously unpled category of damages for which a jury could award Plaintiff damages in excess of the available insurance proceeds."[16] The Court does not find Defendant's argument compelling. Excluding damages for loss of consortium from Plaintiff's total claimed damages still leaves an amount higher than Defendant's policy limits.[17]

Applying the language of Rule 15, the Court finds no undue delay, bad faith or dilatory motive on the part of Plaintiff. Discovery does not close until November 14, 2022, and Defendant points to no other alleged prejudice.

---

[15] ECF No. 24-2 at 1.

[16] ECF No. 26.

[17] The policy limit is $100,000. Plaintiff claims total damages in the amount of $905,914.36, with the loss of consortium claim constituting $250,000 of the total. *See id.* at 3.

The Court concludes Plaintiff has established good cause to justify his untimely motion. Defendant will not suffer undue prejudice from the amendment, and the Court finds that justice requires granting Plaintiff's motion.

**IT IS THEREFORE ORDERED** that on Plaintiff's Motion for Leave to File First Amended Complaint (ECF No. 24) is **GRANTED**.  In accordance with D. Kan. Rule 15.1(b), Plaintiff shall electronically file and serve his First Amended Complaint within five business days of the date of this order.

**IT IS SO ORDERED.**

Dated this 28th day of June, 2022 at Kansas City, Kansas.

Teresa J. James
U. S. Magistrate Judge